United States District Court **5th** District

Name (under which you were convicted): *C. Reyes*

Place of Confinement: *FMCC*

UNITED STATES OF AMERICA

Docket or Case No.: *2:08-CR-01002-AM-1*

Prisoner No.: *24740-280*

Movant (**include** name under which convicted)

v.

*Crystal Reyes* *2:16-cv-101*

**FILED**

JUL - 7 2016

CLERK. U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

**MOTION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *Rebecca Moore Div. Mgr.*
    *US Courthouse, 111 E. Broadway, Rm L-100*
    *Del Rio, Texas 78840*

    (b) Criminal docket or case number (if you know): *2:08-CR-01002-AM-1*

2.  (a) Date of the judgment of conviction (if you know): *1/7/09*

    (b) Date of sentencing: *2/25/13*

3.  Length of sentence: *240 mths*

4.  Nature of crime (all counts):

    *21 USC § 952*

    *21 USC § 960(a)(1) and (b)(1)*

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☐      (2) Guilty *X*      (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or

410cr

1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

indictment, what did you plead guilty to and what did you plead not guilty to? _Same as_
_Indicated_
_____
_____
_____

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury    Judge only

Not Applicable

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes    No X

8.  Did you appeal from the judgment of conviction? X Yes    No

9.  If you did appeal, answer the following:
    (a) Name of court: _Western Dist. Texas_
    (b) Docket or case number (if you know): _2:08-CR-01002-AM-1_
    (c) Result: _Denied_
    (d) Date of result (if you know): _4/1/15_
    (e) Citation to the case (if you know): _N/a_
    (f) Grounds raised: _____
    _Miscal. Guideline_
    _Harsh Sentence_
    _____
    _____
    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes (No)

If "Yes," answer the following:

(1) Docket or case number (if you know): _N/a_

(2) Result: _N/a_

410cr                                    2

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

(3) Date of result (if you know): _____N/a_____

(4) Citation to the case (if you know): _____N/a_____

(5) Grounds raised: _____N/a_____

_____

_____

_____

_____

_____

_____

10.     Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

(Yes) No

410cr                                    3

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857066

11.     If your answer to Question 10 was "Yes," give the following information:
        (a)(1) Name of court: Western Dist. Texas

(2) Docket or case number (if you know): 2.08-CR-01002-AM-1

(3) Date of filing (if you know): 3/7/14

(4) Nature of the proceeding: Motion 2255

(5) Grounds raised: Miscalculation

Extreme Sentence

NO 5K1.1 Acknowledged

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes (No)

410cr                                    4

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

(7) Result: _____ N|a _____

(8) Date of result (if you know): _____ N|a _____
 (b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ N|a _____

(2) Docket or case number (if you know): _____ N|a _____

(3) Date of filing (if you know): _____ N|a _____

(4) Nature of the proceeding: _____ N|a _____

(5) Grounds raised: _____ N|a _____

_____

_____

_____

_____

_____

_____

410cr                                      5

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes (No)

(7) Result: _____N/a_____

(8) Date of result (if you know): _____N/a_____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes   (No)
(2)  Second petition:    Yes   (No)

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

This option just became available as a result of Johnson decision in 2016.

12.    For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: __5K1.1 - Cooperation__

410cr                                          6

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____ *See Attached*

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

410cr                                    7

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857056

(Yes) No

(2) If you did not raise this issue in your direct appeal, explain why: _N/a_____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

(Yes) No

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _Motion 2255_____

Name and location of the court where the motion or petition was filed: _Western____

_Dist. of Texas_

Docket or case number (if you know): _2:08-CR-01002-AM-1_

Date of the court's decision: _4/1/15_____

410cr                                                    8

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

Result (attach a copy of the court's opinion or order, if available): ___N/a_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes (No)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes (No)

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes  No     NOt Applicable

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/a_____

_____

Docket or case number (if you know): ___N/a_____

Date of the court's decision: ___N/a_____

410cr                                9

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20867055

Result (attach a copy of the court's opinion or order, if available): _____N/a_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____N/a_____

_____

_____

_____

**GROUND TWO:** Miscalculation in Guidelines

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____See attached_____

_____

_____

410cr                                    10

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

———————————————

———————————————

———————————————

———————————————

———————————————

———————————————

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes (No)

(2) If you did not raise this issue in your direct appeal, explain why: *Never appealed*

*filed Motion 2255*

———————————————

**(c) Post-Conviction Proceedings:**

410cr                                          11

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

(1) Did you raise this issue in any post-conviction motion, petition, or application?

(Yes) No

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Motion 2255

Name and location of the court where the motion or petition was filed: Western

District of Texas

Docket or case number (if you know): 2.08-CR-01002-AM-1

Date of the court's decision: 4/1/15

Result (attach a copy of the court's opinion or order, if available): Denied

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes (No)

(4) Did you appeal from the denial of your motion, petition, or application?

410cr                                12

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

Yes (No)

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes (No)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____N/a_____

_____

Docket or case number (if you know): _____N/a_____

Date of the court's decision: _____N/a_____

Result (attach a copy of the court's opinion or order, if available): _____N/a_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: option was not available until 2016.

_____

410cr                                    13

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See attached_

_____

_____

_____

_____

_____

_____

_____

410cr                                           14

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857065

_____

_____

**(b) Direct Appeal of Ground Three:**

**(1)** If you appealed from the judgment of conviction, did you raise this issue?

Yes (No)

**(2)** If you did not raise this issue in your direct appeal, explain why: Newly Supported

Claim of evidence

_____

**(c) Post-Conviction Proceedings:**

**(1)** Did you raise this issue in any post-conviction motion, petition, or application?

Yes (No)

**(2)** If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___N/G___

410cr                                    15

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857056

Name and location of the court where the motion or petition was filed: _____ N/a _____

_____

Docket or case number (if you know): _____ N/a _____

Date of the court's decision: _____ N/a _____

Result (attach a copy of the court's opinion or order, if available): _____ N/a _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes (No)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes (No)

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes (No)

(6) If your answer to Question (c)(4) is "Yes," state:

410cr                                                    16

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

Name and location of the court where the appeal was filed: _____ N/a _____

_____

Docket or case number (if you know): _____ N/a _____

Date of the court's decision: _____ N/a _____

Result (attach a copy of the court's opinion or order, if available): _____

_____ N/a _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Newly Supported evidence

_____

_____

_____

_____

**GROUND FOUR:** _____

410cr                              17

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

410cr                                    18

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

Yes (No)

(2) If you did not raise this issue in your direct appeal, explain why: _Newly_

_Supported evidence & verification_

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes (No)

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____N/a_____

Name and location of the court where the motion or petition was filed: _____N/a_____

_____

Docket or case number (if you know): _____N/a_____

Date of the court's decision: _____N/a_____

410cr                                    19

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

Result (attach a copy of the court's opinion or order, if available): _____ N/a _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes (No)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes (No)

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes (No)    Not applicable

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/a _____

_____

Docket or case number (if you know): _____ N/a _____

Date of the court's decision: _____ N/a _____

410cr                                    20

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____N/A_____

_____

_____

_____

13.    Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____None_____

       _____
       _____
       _____
       _____
       _____

14.    Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging? Yes  No
       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____NO_____

410cr                                    4

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

_____
_____
_____
_____

15.    Give the name and address, if known, of each attorney who represented you in the following
       stages of the judgment you are challenging:
       (a) At preliminary hearing: Diana S. Aguilar
       _____
       (b) At arraignment and plea: Gregory Torres
       _____
       (c) At trial: N/A
       _____
       (d) At sentencing: Gregory Torres
       _____
       (e) On appeal: N/A
       _____
       (f) In any post-conviction proceeding: N/A
       _____
       (g) On appeal from any ruling against you in a post-conviction proceeding:
           N/A
       _____
       _____

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in
       the same court and at the same time? Yes (No)

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that
       you are challenging? Yes (No)
       (a) If so, give name and location of court that imposed the other sentence you will serve in the
       future: _____
       _____
       (b) Give the date the other sentence was imposed: _____
       (c) Give the length of the other sentence: _____
       (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the
       judgment or sentence to be served in the future?  Yes  No

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

410cr                                    5

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion. *

Based upon the Johnson decision, I am able to file a second or successive motion 18 usc § 2255 because of the Welch case that made it retroactive.

Therefore, movant asks that the Court grant the following relief: Reduce sentence imposed to 108 - 135 months.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

410cr                                             6

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

20857055

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
   and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on
   June 28, 2016 _____ (month, date, year).


Executed (signed) on June 28, 2016 (date).


Signature of Movant

Crystal Reyes, Pro Se


If the person signing is not movant, state relationship to movant and explain why movant is not
   signing this motion. _____


_____


410cr                                 7

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

20867055

# Motion 2255

Crystal Reyes
Reg. # 24740-280

Page 1

## Ground One: 5K1.1 - Cooperation

Upon arrest, I was questioned and interrogated by BPO as to my knowledge, involvement and participation in such acts in which I was being charged under 21 U.S.C. § 952 . Initially, I was scared, unaware of the effects, consequences and ultimate punishment such action would cause, therefore I had lied and was reluctant to give full, accurate and truthful answers. However, once becoming aware of such and being informed by BPO officers, etc. that if I fully and truthfully cooperated, I would be given <u>full</u> consideration (5K1.1) for cooperating with them. Due to these factors, I fully cooperated once fully aware of the charges and all matters surrounding them. <u>U.S. v Lister,</u> 247 F. 2d 496, 500 (2d. Cir. 1957). Due to the foresaid actions and agreement

# Motion 2255

Page 2        Crystal Reyes Reg. #24740-280

I was given a plea offer with the understanding that such would be factored into my guidelines/variance and any subsequent sentencing, so I accepted the plea, but wasn't fully informed nor understood the law. <u>Salas v. US</u>, 139 F. 3d 322, 324 (2d Cir. 1998).

## <u>Ground Two:</u> Miscalculation of Category

In such instant offense and as charged under 21 U.S.C §952, the government has miscalculated the base level line, offense and category according to such charge, not withstanding all factors of consideration under such. The follow chart displays such errors, in calculations and considerations according to the 2015 sentencing guidelines which have been amended from the 2009 ones which I was sentenced under.

Motion 2255

Crystal Reyes
Reg # 24740-280

Page 3

Governments Calculation
Base Level  43
§ 2D1.1(c) Importation + 2
Accept. of Respon. - 3
Minimal particip. - 4
Total Off. Level    38
Category II (262-327 mth)
* Based upon 4.76 Kg

VS

Proposed Calculation
Base Level  36
§ 2D1.1(c) Imp. + 2
Accept. of Resp. - 3
5K1.1 Coop.  - 1
Minimal particip. - 4
Total Off. Level 30
Category II (108-135 mth)
* Based upon 4.42 K
* Verified *

        The incorrect guideline was purely
based upon incorrect factual amounts of
substance that had originated at time of
arrest and later verified to be a lesser
amount in which would substantially
alter the range/category in which I was
sentenced under and the amount of time I
received.
        Furthermore, my criminal history should
be 1 as it reflects past criminal history or
lack thereof. The increase of 2 pts. is
properly given as to the actual

Motion 2255
Crystal Reyes
Reg# 24740-280

Page 4

Act of importing such. The deduction -3 for acceptance of responsibility is proper as to deter future criminal acts as well as protect the publics interest. The additional deduction of -4 for minimal participant role is accurately reflected due to the actual amount of 4.42 kg and only being paid $300 for such transaction. There was no consideration or credit given on the governments behalf or according to their calculations for participation of 5K1.1 for cooperation. The minimal participation factor was present and verified by an intimate or familial relationship to commit such said offense and was otherwise unlikely to commit such if such element would be absent. No such money was actually received, I did not benefit in any way from such offense and had minimal knowledge and participation in offense.

## Motion 2255
Crystal Reyes
Reg # 24740-280

Page 5

In utilizing Base offense level of 43 in accordance with 21 USC § 960(b)(1) such categorization establishes death or serious bodily injury resulting from the use of the substance <u>and</u> that I committed the offense after one or more prior convictions for a similar offense. This was <u>NOT</u> the case in such offense as no serious bodily injury occured. Thus, as a result According to Amend. 781. 2A2.2(b) if such offense involved amounted to 1.5 kg but less than 4.5 kg (4.42 kg-Verified)- base offense level should be 36.


Ground Three: Safety Valve § 3B1.2(a)

Due to minimal participant factor in which I <u>was</u> given credit for by the government and the assignment that should of been properly assessed and assigned as no more than 1 criminal history point, such categorization would of therefore qualified me for

Motion 2255
Crystal Reyes
Reg# 24740-280

Page 6

assignment and qualification under the
"Safety valve" factor and clause as a
result of such.

Ground Four: Different Mannerism
              In consideration of instant offense
and exceptional circumstances surrounding
such, had this gone to trial, any reason-
able jurors could debate that this case-
should of been resolved in a different
manner. Stack v. Mc Daniel, 529 US 473, 484 (2000).

Ground Five: Substantial Guidelines
              Sentencing Guidelines in which I
was sentenced under were Substantial
rather than procedural as it altered the
range of conduct and/or classification of
persons that the law punishes. Schrivo,
542 US at 353.

Ground Six: Dicision of Guilt/Innocence
              The decision I made to plead
guilty was based on mitigating
factors and advisement by counsel

Motion 2255

Crystal Reyes

Page 7            Reg # 24740-280

And was <u>not</u> the point or indication of my actual guilt or innocence. <u>Lafler v Cooper</u>, 132 S.Ct. 1376, 1384, 1388 (2012).

<u>Ground Seven</u>: <u>6th Amend. Significance</u>

The amount of jail time I received as a result of the errors, miscalculations, and misapplication of guidelines has 6th Amendment significance. <u>Glover v US</u>, 531 US 198, 203 (2001).

<u>Ground Eight</u>: <u>Reasonable Probability</u>

My sentencing attorney didn't use reasonable probability when advising me as to actions and options to take throughout the judicial process, <u>Strickland v Washington</u>, 466 US 668, 688, 694 (1984.)

<u>Ground Nine</u>: <u>Confidence Of Outcome</u>

Again, sentencing counsel failed to use reasonable probability that would of been sufficient to undermine confidence of outcome.

<u>Motion 2255</u>

<u>Page 8</u>

Crystal Reyes
Reg # 24740-280

<u>Ground Ten</u>: <u>Competent Performance</u>
Due to the forthgoing said allegations regarding defense counsel during the judicial process, counsel performed competently in some respects but not in others. <u>Thomas v. Kulhman</u>, 255 F. Supp. 2d 99, 107 (EDNY 2003).

<u>Ground Eleven</u>: <u>Effective Counsel</u>
My defense counsels advice to accept plea under each categorial range, without acknowledgment of 5K1.1 and as a minimal participant wasn't within the range of competence demanded of attorney in criminal cases. <u>Hill v Lockhart</u>, 474 US 52, 57 (1985).

<u>Ground Twelve</u>: <u>Right to Counsel</u>
As a defendant of the court in a criminal case, I have a Constitutional right to effective counsel during plea negotiations. <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

Motion 2255
Crystal Reyes
Reg # 24740-280

Page 9

## Ground Thirteen: 8th Amendment

The 8th Amendment rules are procedural even though ultimate source is substantive. Beard v Banks, 542 US 406, 408, 416, 417 (2004).

## Ground Fourteen: De Novo Review

Circumstances did justify departure de novo review due to missing elements. Elements are essential for conviction. Reasonableness standard of review applies to ALL cases, imposed after Booker under newly discretionary sentence scheme in order to review sentence for reasonableness, or pure erroneous facts (amount of substance and role participation in schemes) or failure to adequately explain chosen sentence." We review a district courts interpretation or application of the guidelines de novo and its factual findings for clear error. This

Motion 2255

Crystal Reyes

Reg. # 24740-280

Page 10

Was such case. US v Conner, 537 F.3d 480, 489 (5th Cir. 2008).

Ground Fifteen: Unconstitutional Sentence

In light of recent Johnson case, sentencing was unconstitutional, due to residual clause of 18 USC 16(b) US v Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). Such section 16(b) identical to 18 USC 924(c)(3). US v Bell, 2016 WL 344749 (N D CAL 2016).

Ground Sixteen: Judicial Procedure

Such Johnson decision and meeting of the said qualifications for such are a judicial procedure rather than procedural.

Ground Seventeen: Similar Conduct

Such prior convictions for same act of conduct qualifies for a reduction and new classification of conduct as a result of the monumental Johnson case.

Motion 2255

Crystal Reyes
Reg.#24740-280

<u>Page 11</u>

<u>Ground</u> <u>Eighteen</u>: <u>Collateral</u> <u>Review</u>
      Recent decision in the Johnson-Welch case, made certain cases eligible for collateral review and such applicability to be applied retroactively.

<u>Ground Nineteen</u>: Void for Vagueness
      The ACCA of 1984, 18 USC 924 (e)(2) (B)(ii) is void for vagueness and therefore unconstitutional, its so vague that it fails to give ordinary people fair notice of the conduct it punishes.

<u>Ground Twenty</u>: <u>Requirements</u> of <u>Johnson</u>
      I meet such qualifying re-quirements under Johnson statute as:

      a.) enhanced in guideline as to current/past offense

      b.) sentenced as a Career offender.

Motion 2255
Crystal Reyes
Reg # 24740-280

Page 12

## Ground Twenty-One: Announced New Rule

Johnson's announced new rule Teague v Lane, 489 US 288 (1989). Such wasn't precedent existing at the time the defendants conviction became final.

## Ground Twenty-Two: Career Guideline

The 10th circuit has since implicated Career Offender guideline. US v Madrid, 805 F. 3d 1204 (10th Cir. 2016).

## Ground Twenty-Three: Section 4B1.1(a)

As meeting such requirement as a career criminal if:

a.) 18yr. at time of conviction

b.) Conviction is a felony and/or of a controlled substance offense.

c.) Have 2 prior felony convictions for similar offense of a controlled substance.

Motion 2255
Crystal Reyes
Reg# 24740-280

Page 13

Ground Twenty-Four: Categorial Approach

Prior conviction qualifies if all elements are the same. Descamps v. US, 133 S.Ct 2276l (2013). Descamps was pure Categorial approach, as such courts may resort to the modified Categorial approach to see if the conviction qualifies as an enumerated offense.

Ground Twenty-Five: 2255 Hearing

A hearing must be warranted if the motion set forth sets forth specific facts supported by competent evidence raising detailed and contro-verted issues of fact that, if proved at a hearing would entitle me to relief. US v. Aiello, 814 F.2d 109, 113-114 (2d. Cir. 1984).

Ground Twenty-Six: 2255 Ruling

In ruling on a motion 2255 motion under Sub. 2255, the district court is required to hold a

Motion 2255

Crystal Reyes
Reg# 24740-280

Page 14

hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. Gonzalez v US, Supra, 722 F. 3d 118, 130 (2d. Cir. 2013), quoting 28 USC § 2255.

Dated: June 28, 2016

Respectfully Submitted,

Crystal Reyes, Pro Se
# 24740-280
Fmc Carswell
Po Box 27137
Fort Worth, TX 76127

Certificate of Service

This is to certify that I have served a true and correct copy of the following:

Motion 18 u.S.C. § 2255

upon the following addresses, by placing same in a sealed envelope, bearing sufficient postage for the delivery via the United States Postal Service to: Court House
111 E Broadway ST
Del Rio Tx 78840

which was hand delivered to prison authorities on the grounds of the Federal Medical Center, Carswell on 28 day of June, 2016.

Crystal Reyes



CERTIFIED MAIL

7014 1820 0000 1507 7788

Name _____
Reg. No. _____
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

<>24740-280<>
Court House
111 E Broadway ST
DEL RIO, TX 78840
United States